IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

|  |  |  |
|---|---|---|
| **LEONARD LAKE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 09-2784-STA |
| **TURNER HOLDINGS, LLC d/b/a TURNER** | ) | |
| **DAIRY, and TEAMSTERS UNION, LOCAL** | ) | |
| **UNION # 1196;** | ) | |
| | ) | |
| Defendants. | ) | |

_____

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION
FOR JUDGMENT ON THE PLEADINGS**
_____

Before the Court is Defendants Turner Holding, LLC and Teamsters Union Local Union # 1196 Motion for Judgment on the Pleadings (D.E. # 7) filed on December 28, 2009. Plaintiff Leonard Lake responded, although late, to Defendants Motion on February 17, 2010 (D.E. #10). Plaintiff, however, failed to submit a memorandum in support of his response. As such, the Court directed Plaintiff (D.E. # 12) to submit a supporting brief by March 18, 2010. On March 17, 2010, Plaintiff submitted his brief in opposition to the instant Motion. Defendants have filed a reply brief in the matter. For the reasons set forth below, Defendants' Motion is **GRANTED IN PART and DENIED IN PART**.

## BACKGROUND

The Plaintiff was employed by Defendant, Turner Dairy, on or about May 3,1999 as a forklift driver. Compl. ¶ 5. On or about November 10, 2008, Turner Dairy administered a

1

breath alcohol test upon Plaintiff. *Id.* at ¶ 6. Plaintiff registered a blood alcohol level of .017. *Id.* At the time of the test, Plaintiff alleges he was denied access to a shop steward. *Id.* at ¶ 10.

Based on this reading, Plaintiff contends he was improperly placed on suspension and investigated. *Id.* at ¶ 8. On or about November 14, 2008, Plaintiff was notified by mail that he had been terminated by Turner Dairy based on his breath alcohol test. *Id.* at ¶ 9. Plaintiff contends that the breath alcohol test was never confirmed as a positive result by a Medical Review Officer prior to his termination and that the procedures for implementing breath alcohol tests were not properly followed. *Id.* at ¶ 11.

Additionally, the Plaintiff alleges that less than a year prior to his termination he filed a Workers' Compensation claim for injuries he sustained on the job. *Id.* at ¶ 7. Furthermore, Plaintiff alleges that at all times of his employment he was a dues paying member of Defendant Teamsters Union Local Union # 1196. *Id.* at ¶ 12. Plaintiff contends, however, that Defendant Teamsters negligently or intentionally failed to protect his rights. *Id.* at ¶ 13. The Plaintiff also asserts that Turner Dairy refused to agree to arbitration of this matter and the Union failed to proceed with his claim. *Id.* at ¶ 14-15.

The underlying action was filed in Shelby County Chancery Court and subsequently removed to this Court. In his Complaint, Plaintiff asserts five causes of action under Tennessee law: (1) wrongful discharge, (2) outrageous conduct and harassment, (3) retaliatory discharge, (4) breach of contract, and (5) breach of fiduciary duty.

In the instant Motion before the Court, the Defendants contend that Plaintiff's claims are governed by the Collective Bargaining Agreement ("CBA") entered into by the parties. More specifically, the Defendants contend that Plaintiff's claims are based upon a breach of the CBA

or upon contractual rights set forth in the CBA.  As such, the Defendants assert that Plaintiffs claims are preempted by § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, which provides the exclusive remedy for breach of a CBA.

The Defendants argue that § 301 claims have a six month statute of limitations.  Plaintiff was terminated on November 14, 2008 and received the Joint Area Committee's decision on March 4, 2009.  Plaintiff filed his Complaint on November 10, 2009, two months after the running of the applicable statute of limitations.  As such, the Defendants contend Plaintiff's claims are time barred.

In response to the instant Motion, Plaintiff contends that Defendants' positions are inconsistent.  More specifically, the Plaintiff argues that the Defendants should be judicially estopped from asserting simultaneously that this Court has original jurisdiction over this matter pursuant to § 301 of the LMRA but that the claims are time barred.  In contrast, the Plaintiff contends that Plaintiff has both potential federal and state law claims.  The Plaintiff admits, however, that "the possible LMRA claims are time barred."  Thus, Plaintiff asks this Court to remand this matter back to the Shelby County Chancery Court.

In their reply, the Defendants reiterate their position that Plaintiff's claims are preempted by § 301 and as such are time barred.  The Defendants also assert that removal was proper in this case.

## STANDARD OF REVIEW

As an initial matter, this Motion is before the Court under Fed. R. Civ. P. 12(c).  A Rule 12(c) motion for judgment on the pleadings is judged under the same standard of review as a

12(b)(6) motion.[1]

A defendant may move to dismiss a claim for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the complaint as true and construe all of the allegations in the light most favorable to the non-moving party.[2] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[3] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[4]  "The Federal Rules of Civil Procedure do not require a claimant to set out in detail all the facts upon which he bases his claim."[5]

The Supreme Court has more recently stated that the Federal Rules "do not require a heightened fact pleading of specifics, but only enough facts to state a claim that is plausible on its face."[6] The Sixth Circuit has subsequently acknowledged "[s]ignificant uncertainty" as to the

---

[1] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987).

[2] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[3] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[4] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 889, 902 (6th Cir. 2003).

[5] *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

[6] *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) ("retiring" the "no set of facts" standard first announced in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

intended scope of *Twombly*.[7] Therefore, the Sixth Circuit has articulated the following as the standard of review for 12(b)(6) motions: on a motion to dismiss, the Court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."[8] Thus, although the factual allegations in a complaint need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[9]

## ANALYSIS

§ 301 of the LMRA establishes federal jurisdiction over claims which require judicial interpretation of a collective bargaining agreement.[10] § 301 specifically provides that:

> suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties.[11]

Thus, § 301 preempts any state law claim arising from a breach of a collective bargaining

---

[7] *Weisbarth v. Geauga Park Dist.,* 499 F.3d 538, 541 (6th Cir.2007); *see also Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 337 (6th Cir.2007) ("We have noted some uncertainty concerning the scope of *Bell Atlantic Corp. v. Twombly,* ... in which the Supreme Court 'retired' the 'no set of facts' formulation of the Rule 12(b)(6) standard ....").

[8] *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.,* 501 F.3d 493, 502 (6th Cir. 2007) (quoting *Twombly,* 127 S.Ct. at 1974 (2007)).

[9] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir.2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

[10] 29 U.S.C. § 185(c); *Lingle v. Norge Div. of Magic Chef, Inc*., 486 U.S. 399, 403 (1988).

[11] 29 U.S.C. § 185(c).

agreement.[12] The purpose of this rule is to require that all claims raising issues of labor contract interpretation be decided according to the precepts of federal labor law in order to prevent inconsistent interpretations of the substantive provisions of collective bargaining agreements.[13]

In *Alias-Chalmers Corp. v. Lueck*, the United States Supreme Court noted that "not every dispute concerning employment, or tangentially involving a provision of a collective-bargaining agreement, is pre-empted by § 301 or other provisions of federal labor law."[14] The Court clarified its language in *Alias-Chalmers Corp.*, in *Lingle v. Norge Div. of Magic Chef, Inc.*[15] In *Lingle*, the Court held that a unionized employee's state-law action based on Illinois's tort of retaliatory discharge for filing a workers' compensation claim was not preempted by § 301 because

> the state-law remedy . . . is 'independent' of the collective-bargaining agreement in the sense of 'independent' that matters for § 301 pre-emption purposes: resolution of the state law claim does not require construing the collective-bargaining agreement.[16]

The Sixth Circuit adopted *Lingle* in *Smolarek v. Chrysler Corp.*[17]

Additionally, the Sixth Circuit has adopted a two-step approach for determining whether § 301 applies.[18] First, the district court must examine whether proof of the state law claim

---

[12] *Smolarek v. Chrysler Corp.*, 879 F.2d 1326, 1339 (6th Cir. 1989).

[13] *Id.*

[14] *Alias Chalmers Corp. v. Lueck*, 471 U.S. 202, 211 (1985).

[15] *Smolarek*, 879 F.2d at 1330.

[16] *Id.* (quoting *Lingle*, 486 U.S. at 407).

[17] *Id.* (holding state law is preempted by § 301 of the LMRA only if, to resolve the claim, the Court must interpret a CBA).

[18] *DeCoe v. Gen. Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994).

requires interpretation of collective bargaining agreement terms.[19] Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law.[20] If the right is both borne of state law and does not invoke contract interpretation, then there is no preemption.[21] However, if neither or only one criterion is satisfied, § 301 is satisfied.[22]

In order to make the first determination, the court is not bound by the well pleaded complaint rule, but rather, looks to the essence of the plaintiff's claim, in order to determine whether the plaintiff is attempting to disguise what is essentially a contract claim as a tort.[23] If the plaintiff can prove all of the elements of his claim without the necessity of contract interpretation, then his claim is independent of the labor agreement.[24]

In the case at bar, as noted above, Plaintiff asserts five claims under Tennessee state law: (1) wrongful discharge; (2) outrageous conduct and harassment; (3) retaliatory discharge; (4) breach of contract; and (5) breach of fiduciary duty. The Defendant argues that each of these claims requires interpretation of the CBA and as such the claims are preempted by § 301. As such, the Court will address each claim in turn.

*A. Preemption*

---

[19] *Id.*

[20] *Id.*

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

*1. Wrongful Discharge*

In his Complaint, Plaintiff asserts that he was wrongfully discharged "without proper cause" for "registering a blood alcohol level of 0.017 . . . in violation of the Tennessee Drug Free Workplace Regulations and breaching the Union Contract."[25] In his response to the instant Motion the Plaintiff contends that this claim does not require interpretation of the CBA. The Court, however, disagrees.

The Court construes Plaintiff's wrongful discharge claim as brought under § 301 of the LMRA.[26] As noted above, if a state law claim brought by a union member plaintiff requires interpretation of the governing collective bargaining agreement, § 301 demands preemption.[27] Here, Plaintiff contends that he was terminated "without proper cause." The CBA at issue specifically notes that "[t]he Company shall have the right to discipline or discharge for proper cause."[28] It further states "[e]mployees may be subject to immediate termination for gross misconduct, such as, but not limited to, . . . drunkenness, drinking or in possession of intoxicating liquor on the job . . ."[29] Based on these provisions, the Court finds that Plaintiff's wrongful discharge claim requires interpretation of the CBA and is thus preempted by § 301.

As an aside, the Plaintiff contends that "the instant matter does not involve the CBA, it

---

[25] Compl. ¶ 6.

[26] *Melvin v. Knoll, Inc.*, No. 01-1012, 2001 U.S. App. LEXIS 18588, at *3 (6th Cir. Aug. 9, 2001)( Melvin's wrongful discharge claim is construed as brought under § 301 of the Labor Management Relations Act of 1947).

[27] *Lingle*, 486 U.S. at 403.

[28] CBA VII(A).

[29] *Id*. at VII(D)5.

8

involves the alleged tortuous conduct of the defendant employer and its misapplication of the Tennessee Drug Free Workplace statute . . ."[30] § 50-9-102 of the Tennessee Drug-Free Workplace Program specifically provides "[t]he application of this chapter is subject to provisions of any applicable collective bargaining agreement." Therefore, the Court finds Plaintiff's argument that the Tennessee Drug Free Workplace statute is solely applicable in lieu of the CBA unpersuasive.

   *2. Outrageous Conduct and Harassment*

Plaintiff also asserts a Tennessee state law claim of outrageous conduct and harassment. He contends that "[t]he Defendants are guilty of maliciously harassing the Plaintiff because of his attempts to assert fair representation and fair treatment and they are guilty of displaying [outrageous] conduct."[31] Under Tennessee state law, the tort of outrageous conduct is synonymous with the tort of intentional infliction of emotional distress.[32] The Sixth Circuit has not held that § 301 unequivocally preempts claims of intentional infliction of emotional distress.[33]

In *Mattis v. Massman*, the plaintiff, a union employee, asserted an IIED claim against his employer and supervisor after he was terminated for allegedly striking his supervisor.[34] The

---

   [30] Resp. to Def.'s Mot. to Dismiss ¶ 6.

   [31] Compl. ¶ 21.

   [32] *Lyons v. Farmers Ins. Exchange*, 26 S.W.3d 888, 893 (Tenn. Ct. App. 2000).

   [33] *Mattis v. Massman*, 355 F.3d 902, 908 (6th Cir. 2004). The Sixth Circuit noted in *Mattis*, "[t]his is not to say that § 301 has preempted all claims of intentional infliction of emotional distress that may be brought by an employee." *Id*.

   [34] *Id*. at 904.

plaintiff contended that both his termination and his supervisor's harassment prior to his termination amounted to outrageous conduct.[35] The court determined that the plaintiff's IIED claim was preempted by § 301 because "[w]ithout reference to the CBA, we could not possibly know whether [the supervisor] acted outrageously."[36]

In the case at bar, just as in *Mattis*, the Court can not "possibly know" whether Plaintiff's termination and harassment was outrageous without referring to the CBA. In fact, the Plaintiff even refers to the "collective bargaining agreement" in asserting his outrageous conduct and harassment claim. Therefore, the Court finds that this claim is also preempted by § 301.

*3. Retaliatory Discharge*

The Plaintiff also contends that Defendant Turner Diary terminated him in retaliation for filing a workers' compensation claim a year prior to his termination. The Defendants contend that this claim must be preempted by § 301 because it implicates the allegations that support his wrongful discharge claim.

Under Tennessee state law, the following elements are found to establish a cause of action for discharge in retaliation for asserting a workers' compensation claim: (1) the plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment.[37]

---

[35] *Id*. at 907.

[36] *Id*. at 908.

[37] *Anderson v. Standard Register Co*., 857 S.W. 2d 555, 558 (Tenn. 1993).

In *Smolarek v. Chrysler Corp.*, the plaintiff filed a state law claim asserting that he was discharged for expressing an intent to file a workers' compensation claim.[38] The district court found that plaintiff's claim was preempted by § 301.[39] The Sixth Circuit, however, found the district court erred in its determination.[40] More specifically, the Sixth Circuit, relying on *Lingle*, noted that "the state-law tort of retaliatory discharge creates rights independent of those established by the collective bargaining agreement and hence is not preempted by § 301."[41]

The Court previously noted that the Defendants contend that Plaintiff's retaliatory discharge claim is preempted because it implicates the allegations that support his wrongful discharge claim. This, however, is not the Court's inquiry. The relevant inquiry is whether Plaintiff's retaliatory discharge claim requires interpretation of the CBA. The Court finds that it does not.

In his Complaint, the Plaintiff alleges that "he was terminated in part due to his filing a Workers' Compensation claim less than a year prior to his termination."[42] Plaintiff makes no mention of the CBA in these allegations nor do the Defendants cite to any relevant provision in the instant Motion. As such, the Court finds that Plaintiff's retaliatory discharge claim is not preempted by § 301.

*4. Breach of Contract*

---

[38] *Smolarek*, 879 F.2d at 1331.

[39] *Id*.

[40] *Id*.

[41] *Id*.

[42] Compl. ¶ 26.

11

Plaintiff next asserts a breach of contract claim against Defendants. More specifically, Plaintiff contends that Defendant Turner breached his contract of employment and Defendant Union breached its contract to represent Plaintiff.[43]

Here, the contract at issue is the CBA. Therefore, the Court finds that Plaintiff's breach of contract claim will require interpretation of the CBA. As such, the Court finds that Plaintiff's breach of contract claim is preempted by § 301.

*5. Breach of Fiduciary Duty*

Plaintiff finally asserts a breach of fiduciary claim under Tennessee state law. Plaintiff alleges that "[t]he Defendants owed Plaintiff a fiduciary duty under the collective bargaining agreement and that the Defendants negligently, willfully, and maliciously breached that fiduciary duty . . . ."[44] Since Plaintiff asserts that Defendants' fiduciary duty arose from the CBA, the Court finds that this claim will require interpretation of the CBA. As such, this claim is also preempted by § 301.

*B. Statute of Limitations*

Once the Court has determined whether Plaintiff's state law claims are preempted by § 301, the Court's next inquiry is which statute of limitations is applicable. The Defendants contend that the statute of limitations for claims brought under § 301 have a six month statute of limitations. As such, the Defendants contend that Plaintiff's claims are time barred. The Plaintiff concedes that his "LMRA claims are time barred." Plaintiff, however, primarily contends that his claims are rooted in state law and thus not preempted by § 301. As such, the

---

[43] *Id*. at ¶ 29.

[44] *Id*. at ¶ 32.

Plaintiff does not brief the applicable statute of limitations for § 301.

There is no express statute of limitations under § 301.[45] However, in *DelCostello v. International Bhd. of Teamsters*, the Supreme Court held that the six month statute of limitations period of 29 U.S.C. § 160(b), which governs unfair labor practices before the NLRB, applied when a breach of a collective bargaining agreement and duty of fair representation is alleged.[46] The Court characterized this type of claim as a hybrid § 301/ duty of fair representation claim.[47] The Court noted that:

> [s]uch a suit, as a formal matter, comprises two causes of action. The suit against the employer rests on § 301, since the employee is alleging a breach of the collective bargaining agreement. The suit against the union is one for breach of the union's duty of fair representation, which is implied under the scheme of the National Labor Relations Act. Yet the two claims are inextricably interdependent. To prevail against either the company or the Union . . . [employee/plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union.[48]

In the case at bar, the Plaintiff has alleged five causes of action, four of which the Court has found are preempted by § 301. Therefore, the Court's next inquiry is whether this action is a hybrid suit and thus subject to a six month limitations period. The Court finds that it is such a case.

Here, the gravamen of Plaintiff's Complaint asserts a hybrid § 301 action. Plaintiff contends that he was wrongfully discharged based on his blood alcohol level, that his termination was a breach of the CBA, and that the Defendant Union violated its duty of fair

---

[45] *Woosely v. Avco Corp.*, 944 F.2d 313, 318 (6th Cir. 1991).

[46] *DelCostello v. International Bhd. of Teamsters*, 462 U.S. 151, 170-71 (1983).

[47] *Id*. at 164-65.

[48] *Id*. at 165. (internal citations omitted).

representation owed to him. Thus, the four causes of action preempted by § 301 are subject to the six month statute of limitations.

The Sixth Circuit has stated that to determine when such claims have accrued, the court should look to when an employee discovers or should have discovered with exercise of due diligence acts giving rise to the action.[49] Here, the Plaintiff was terminated on November 14, 2008 and the Joint Area Committee reached a final decision on March 4, 2009. Thus, the latest date Plaintiff could have received notice of his claims was March 4, 2009. Plaintiff filed his Complaint in Shelby County Chancery Court on November 10, 2009, more than eight (8) months after he had notice of his claim. Thus, Plaintiff's § 301 claims are time barred, and must be dismissed.

### C. Motion to Remand

In response to the instant Motion, Plaintiff simultaneously filed a Motion to Remand this action to state court. As noted above, the Court finds that Plaintiff's retaliatory discharge claim is not subject to preemption pursuant to § 301. Therefore, Plaintiff's claim is rooted in state law over which this Court lacks subject matter jurisdiction. As such, Plaintiff's claim for retaliatory discharge must be remanded pursuant to 28 U.S.C. §1447(c).

### D. Oral Argument

On March 18, 2010 the Plaintiff filed a motion for oral argument (D.E. # 15) concerning the instant Motion before the Court and his motion to remand. The Defendants have not responded to Plaintiff's motion. The Court, however, finds that oral argument is unnecessary for the Court's determination of the pending motions. As such, Plaintiff's motion for oral argument

---

[49] *Martin v. Lake County Sewer Co., Inc.*, 269 F.3d 673, 678 (6th Cir. 2001).

14

is **DENIED**.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Judgment on the Pleadings is **GRANTED** as to Plaintiff's (1) wrongful discharge; (2) outrageous conduct and harassment; (3) breach of contract; and (4) breach of fiduciary duty claims.  Defendant's Motion is **DENIED** as to Plaintiff's retaliatory discharge claim, and as such is **REMANDED**.  Plaintiff's motion for oral argument is **DENIED**.

      **IT IS SO ORDERED**.

                                            s/ S. Thomas Anderson
                                            S. THOMAS ANDERSON
                                            UNITED STATES DISTRICT JUDGE

                                            Date: May 28th, 2010.